1 | JACK SMITH
Chief
2 | PETER KOSKI
MONIQUE ABRISHAMI
3 | Trial Attorneys
Public Integrity Section
4 | Criminal Division
U.S. Department of Justice
5 | 1400 New York Ave, NW, 12th floor
Washington, D.C. 20005
6 | Tel: 202-514-1412
Fax: 202-514-3003

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CR11-3047 TUC  CKJ/CRP

UNITED STATES OF AMERICA,         )
                                  )
v.                                )
                                  )
RAUL F. PORTILLO,                 )
                                  )
        Defendant.                )

CRIMINAL VIOLATIONS:

**Count I:** Conspiracy, 18 U.S.C. § 371
**Counts II & III:** Bribery, 18 U.S.C. § 201(b)(2)
**Counts IV & V:** Federal Programs Bribery, 18 U.S.C. § 666(a)(1)(B)
**Counts VI & VII:** Extortion Under Color of Official Right, 18 U.S.C. § 1951
**Count VIII:** Conspiracy, 21 U.S.C. § 846
**Counts IX & X:** Possession with Intent to Distribute Cocaine, 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii)(II)

## INDICTMENT

The grand jury charges:

### COUNT I
(Conspiracy)

1.  At all times material to this indictment:

**THE CONSPIRACY AND ITS OBJECTS**

2.  Beginning in or about January 2002 and continuing through at least in or about April 2002, in the District of Arizona and elsewhere, defendant RAUL F. PORTILLO, being a public official, did knowingly and intentionally combine, conspire, confederate, and agree with other

persons known and unknown to the grand jury to directly and indirectly corruptly demand, seek, receive, accept, and agree to receive and accept anything of value personally and for any other person or entity, in return for (a) being influenced in the performance of any official act, and (b) being influenced to do and to omit to do any act in violation of PORTILLO's official duty, in violation of 18 U.S.C. § 201(b)(2).

3. Beginning in or about January 2002 and continuing through at least in or about April 2002, in the District of Arizona and elsewhere, defendant RAUL F. PORTILLO, being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof, receiving federal assistance in excess of $10,000 during the one-year period beginning January 1, 2001, and ending January 1, 2002–namely, the Arizona Army National Guard ("AANG")–did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to corruptly solicit, demand, accept, and agree to accept, a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and serious of transactions of the AANG involving $5,000 or more, in violation of 18 U.S.C. § 666(a)(1)(B).

4. Beginning in or about January 2002 and continuing through at least in or about April 2002, in the District of Arizona and elsewhere, defendant RAUL F. PORTILLO, being a Sergeant in the Arizona Army National Guard, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to attempt to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion; that is, PORTILLO obtained property not due him or his office, from individuals he believed to be members of an illegal narcotics trafficking organization, with those individuals' consent, under color of official right, in violation of 18 U.S.C. § 1951.

**PURPOSE, MANNER, AND MEANS OF THE CONSPIRACY**

5. It was a part of the conspiracy that PORTILLO, then a Sergeant in the Arizona Army National Guard, and other public officials known and unknown to the grand jury agreed to enrich

themselves by obtaining money from persons they believed to be narcotics traffickers, but who were in fact Special Agents of the FBI; in return, PORTILLO and his co-conspirators used their official positions to assist, protect, and participate in the activities of what PORTILLO and his co-conspirators believed was an illegal narcotics trafficking organization (the "Organization") engaged in the business of transporting and distributing cocaine from Arizona to other locations in the United States.

6. PORTILLO and other co-conspirators also accepted cash payments for recruiting other public officials to assist the Organization's drug-trafficking operation.

7. While transporting narcotics for the Organization, PORTILLO and his co-conspirators wore their official uniforms, carried their official identification, and used their official vehicles.

**OVERT ACTS**

8. In furtherance of the conspiracy and to achieve its purposes, PORTILLO and others known and unknown to the grand jury committed and caused to be committed at least one of the following overt acts, among others, in the District of Arizona and elsewhere:

a. In or about January 2002, PORTILLO met with an undercover FBI agent posing as a member of the Organization and agreed to transport narcotics for the Organization.

b. On or about February 27, 2002, PORTILLO and other public officials transported approximately thirty kilograms of cocaine for the Organization from Tucson, Arizona to Las Vegas, Nevada.

c. Shortly after transporting the cocaine to Las Vegas, and in return for doing so, PORTILLO accepted $6,000 in cash from undercover FBI agents posing as members of the Organization.

d. On or about April 16, 2002, PORTILLO and other public officials transported approximately twenty kilograms of cocaine for the Organization from Nogales, Arizona to Tucson, Arizona.

   e. Shortly after transporting the cocaine to Tucson, and in return for doing so, PORTILLO accepted $6,000 in cash from undercover FBI agents posing as members of the Organization.

   f. In or about April 2002, PORTILLO accepted $2,000 in cash in return for recruiting another public official into the conspiracy to transport cocaine for the Organization.

  All in violation of 18 U.S.C. § 371.

## COUNT II
(Bribery)

 9. Paragraphs 1 through 8 of Count I are re-alleged and incorporated here.

 10. On or about February 27, 2002, in the District of Arizona, defendant RAUL F. PORTILLO, being a public official, directly and indirectly corruptly demanded, sought, received accepted, and agreed to receive and accept anything of value personally and for any other person or entity, in return for (a) being influenced in the performance of any official act, and (b) being induced to do and to omit to do any act in violation of PORTILLO's official duty; that is, PORTILLO, then a Sergeant in the Arizona Army National Guard, corruptly demanded, sought, received, accepted, and agreed to receive and accept $6,000 in cash in return for transporting cocaine using his official vehicle while wearing his official uniform and carrying his official identification.

  All in violation of 18 U.S.C. § 201(b)(2).

## COUNT III
(Bribery)

 11. Paragraphs 1 through 8 of Count I are re-alleged and incorporated here.

 12. On or about April 16, 2002, in the District of Arizona, defendant RAUL F. PORTILLO, being a public official, directly and indirectly corruptly demanded, sought, received accepted, and agreed to receive and accept anything of value personally and for any other person or entity, in return for (a) being influenced in the performance of any official act, and (b) being induced to do and to omit to do any act in violation of PORTILLO's official duty; that is,

PORTILLO, then a Sergeant in the Arizona Army National Guard, corruptly demanded, sought, received, accepted, and agreed to receive and accept $6,000 in cash in return for transporting cocaine using his official vehicle while wearing his official uniform and carrying his official identification.

All in violation of 18 U.S.C. § 201(b)(2).

## COUNT IV
(Federal Programs Bribery)

13. Paragraphs 1 through 8 of Count I are re-alleged and incorporated here.

14. At all times material to this indictment, the Arizona Army National Guard was an organization, state government, local government, tribal government, or agency of a state, local, or tribal government, that received federal assistance in excess of $10,000 during the one-year period beginning January 1, 2001 and ending January 1, 2002.

15. Defendant RAUL F. PORTILLO was an agent of the Arizona Army National Guard, whose duties included assisting various federal departments and agencies, including the Department of Defense and the United States Border Patrol, to support drug interdiction and other counter-narcotics activities.

16. On or about February 27, 2002, in the District of Arizona, PORTILLO did corruptly solicit, demand, accept, and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions of AANG involving $5,000 or more.

All in violation of 18 U.S.C. § 666(a)(1)(b).

## COUNT V
(Federal Programs Bribery)

17. Paragraphs 1 through 8 of Count I are re-alleged and incorporated here.

18. At all times material to this indictment, the Arizona Army National Guard was an organization, state government, local government, tribal government, or agency of a state, local, or tribal government, that received federal assistance in excess of $10,000 during the one-

year period beginning January 1, 2001 and ending January 1, 2002.

19.   Defendant RAUL F. PORTILLO was an agent of the Arizona Army National Guard, whose duties included assisting various federal departments and agencies, including the Department of Defense and the United States Border Patrol, to support drug interdiction and other counter-narcotics activities.

20.   On or about April 16, 2002, in the District of Arizona, PORTILLO did corruptly solicit, demand, accept, and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions of AANG involving $5,000 or more.

All in violation of 18 U.S.C. § 666(a)(1)(b).

## COUNT VI
(Extortion Under Color of Official Right)

21.   At all times material to this Indictment, defendant RAUL F. PORTILLO was a Sergeant in the Arizona Army National Guard.

22.   On or about February 27, 2002, in the District of Arizona, PORTILLO did knowingly attempt to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, PORTILLO obtained property not due him or his office from individuals he believed to be members of an illegal narcotics trafficking organization, with those individuals' consent, under color of official right.

All in violation of 18 U.S.C. § 1951.

## COUNT VII
(Extortion Under Color of Official Right)

23.   At all times material to this Indictment, defendant RAUL F. PORTILLO was a Sergeant in the Arizona Army National Guard.

24.   On or about April 16, 2002, in the District of Arizona, PORTILLO did knowingly attempt to obstruct, delay, and affect in any way and degree commerce and the

movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, PORTILLO obtained property not due him or his office from individuals he believed to be members of an illegal narcotics trafficking organization, with those individuals' consent, under color of official right.

All in violation of 18 U.S.C. § 1951.

## COUNT VIII
(Conspiracy)

25. Paragraphs 1 through 8 of Count I are re-alleged and incorporated here.

26. From in or about January 2002 through at least in or about April 2002, in the District of Arizona and elsewhere, defendant RAUL F. PORTILLO did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to possess with intent to distribute more than five kilograms of cocaine (*i.e.*, approximately fifty kilograms of cocaine), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II).

All in violation of 21 U.S.C. § 846.

## COUNT IX
(Possession with Intent to Distribute Cocaine)

27. Paragraphs 1 through 8 of Count I are re-alleged and incorporated here.

28. On or about February 27, 2002, in the District of Arizona, defendant RAUL F. PORTILLO did knowingly and intentionally possess with intent to distribute more than five kilograms of cocaine (*i.e.*, approximately thirty kilograms of cocaine), a Schedule I controlled substance.

All in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II).

## COUNT X
(Possession with Intent to Distribute Cocaine)

29. Paragraphs 1 through 8 of Count I are re-alleged and incorporated here.

30. On or about April 16, 2002, in the District of Arizona, defendant RAUL F.

1   PORTILLO did knowingly and intentionally possess with intent to distribute more than five
2   kilograms of cocaine (*i.e.*, approximately twenty kilograms of cocaine), a Schedule I controlled
3   substance.
4      All in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II).

5                                  A TRUE BILL

6                                      /s/

7                           _____
                                   FOREPERSON
8
    JACK SMITH
9
                      /s/
10                                                    SEP 0 1 2011
    By: _____
11       PETER KOSKI
         MONIQUE ABRISHAMI
12
                                                      REDACTED FOR
13                                                   PUBLIC DISCLOSURE

-8-